**Morris WALKER, Appellant,**

v.

**W.J.T., INC., Appellee.**

**No. 04–86–00571–CV.**

Court of Appeals of Texas,
San Antonio.

July 29, 1987.

Homer E. Dean, Jr., Alice, for appellant.

John H. Burris, Alice, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

OPINION

CHAPA, Justice.

This appeal concerns the validity of a default judgment on a sworn account granted to W.J.T., Inc. (WJT) against Morris Walker (Walker). We are asked to determine 1) whether the service by certified mail was proper, and 2) if the "sworn account" was introduced into evidence, whether it was sufficient to support the default judgment. We affirm.

Initially, Walker contends the citation is fatally defective and violates TEX.R.CIV.P. 107 because the return of citation fails to show when the citation was served, the manner of service, and the signature of the serving officer.

TEX.R.CIV.P. 103, in part provides that service by certified mail may be made by the clerk of the court in which the case is pending. TEX.R.CIV.P. 105 provides:

> The officer to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay.

TEX.R.CIV.P. 106 provides in pertinent part:

> (a) ... the citation shall be served by any officer authorized by Rule 103
>
> * * * * * *
>
> (2) mailing to the defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

TEX.R.CIV.P. 107 provides in pertinent part:

> The return of the officer executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially. When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer must also contain the return receipt with the addressee's signature.

■ In the case at bar, the citation contains the following certificate of service on

the reverse side of the return execution by the serving officer, the clerk:

### CERTIFICATE OF SERVICE

A copy of citation with copy of petition attached thereto was mailed by United States Certified Mail, Return Receipt requested. Deliver to Addressee only, this 11th day of April 1986 to MORRIS WALKER P.O. BOX 321 Freer, Texas 78357

MANUEL M. PEREZ, District Clerk
Jim Wells County, Texas

By: /s/ _____
 Candelaria Perez, Deputy

Attached to the certificate of service is a United States Postal Service PS Form 3800 certified mail receipt addressed to Walker in Freer, Texas. Also attached to the citation is a United States Postal Service PS Form 3811, return receipt addressed and signed by Walker, showing delivery date of April 15, 1986 and post-marked by the United States Post Office in Freer, Texas with the same date. The reverse of the attached United States Post Officer PS Form 3811 return receipt shows it was returned to the clerk, signed, file marked, and filed in the clerk's office on April 16, 1986 at 8:45 a.m. Thus, the certificate of service satisfies the requirement of Rule 106. The certificate of service, United States Postal Service PS Form 3800 certified mail receipt, and the United States Postal Service PS Form 3811 return receipt satisfy the requirements of Rule 106 and 107. However, when using a form obviously designed for personal service, a better practice would be to incorporate a separate certificate of return to coincide with the certificate of service. This would eliminate any future questions as to the validity of service by certified mail.

Walker relies on *Metcalf v. Taylor*, 708 S.W.2d 57 (Tex.App.—Fort Worth 1986, no writ) and *Melendez v. John R. Schatzman, Inc.*, 685 S.W.2d 137 (Tex.App.—El Paso 1985, no writ) for support of his contention that the citation is fatally defective. We disagree. *Melendez* involves a citation by certified mail with no evidence or notation of the day and hour process was received,

no showing the return was executed, a return which was blank on front and back, no signature of the addressee on the return, and no file mark showing what day it was received and filed by the clerk. *Metcalf* involves a citation with no signature of the serving officer at all, and no return receipt with either the addressee's signature or date of signature. Both cases are not similar to the case before us. We further note that both of Walker's motions for new trial contain a statement under oath that Walker was served by certified mail.

 In his last point Walker contends the sworn account attached to plaintiff's petition was insufficient to support the default judgment and that the "work order" was not introduced in evidence. We disagree. The record reflects the "work order" was received in evidence by the trial court.

TEX.R.CIV.P. 185 authorizes an affidavit in open account cases as prima facie evidence of the debt unless the resisting party files a written denial under oath. It further provides that "no particularization or description of the nature of the component parts of the account or claims is necessary unless the trial court sustains special exceptions to the pleadings."

Walker's reliance on *Haecker v. Santa Rosa Medical Center*, 609 S.W.2d 879 (Tex. Civ.App.—San Antonio 1980, no writ) and *Price v. Pratt*, 647 S.W.2d 756 (Tex.App.— Corpus Christi 1983, no writ) is misplaced. *Pratt* involved an account with numerous undefined and unexplained abbreviations as "descriptions," two unexplained audit entries, and inconsistancies of balances without explanations. *Haecker* similarly involved an attached exhibit to the plaintiff's petition containing numerous abbreviations without a key or an explanation. Neither case is similar to the case before us.

The record reflects the account attached to the petition and received in evidence gave Walker a fair notice of the materials used, the labor performed, and the cost

involved for each item. Rule 185 has been complied with. The point is overruled.

The judgment is affirmed.