**RETAIL TECHNOLOGIES, INC., Appellant,**

v.

**PALM CITY T.V., INC., Appellee.**

No. 13–89–201–CV.

Court of Appeals of Texas, Corpus Christi.

June 22, 1990.

Victor V. Vincinaiz, Brownsville, for appellant.

William M. Mills, Rebecca Pool, Clifton E. Slaten, McAllen, for appellee.

Before DORSEY, SEERDEN and UTTER, JJ.

## OPINION

DORSEY, Justice.

Appellant, Retail Technologies, Inc., appeals by writ of error a default judgment against it in favor of appellee, Palm City T.V., Inc. We reverse the judgment of the trial court.

Appellant, in its first point of error, alleges that the trial court erred in granting a default judgment in favor of the appellee because appellant, a California corporation, was not amenable to the jurisdiction of the trial court.

■ A default judgment will be held erroneous only if:

(1) the petition (or other pleading of the non-defaulting party that seeks affirmative relief) does not attempt to state a cause of action that is within the jurisdiction of the court, or

(2) the petition (or pleading for affirmative relief) does not give fair notice to the defendant of the claim asserted, or

(3) the petition affirmatively discloses the invalidity of such claim.

*Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 494 (Tex.1988). The petition in this cause indicates that the cause of action arose from defects in a computer system that appellant supplied to appellee. The petition stated that "[p]laintiff would show that [d]efendants have made misrepresentations and breached warranties all in violation of the Texas Deceptive Trade Practices Act, Section 17.-41 et seq., Texas Business and Commerce Code, regarding said computer equipment." We find that the petition does give fair notice to the defendant of the claim asserted and does not affirmatively disclose the invalidity of such claim. The question then is whether the jurisdictional allegations in the petition were sufficient, under the Con-

stitution of the United States, to require appellant to answer. *Id.* at 494; Tex.R. Civ.P. 108.

■ When the mode of review is by way of writ of error in the Court of Appeals constituting a direct attack on the default judgment, the question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965).

■ The petition in this cause indicates that appellant supplied a computer system for appellee's store in Texas and that the cause of action arose from defects in that computer system. The petition also indicates that misrepresentations and breaches of warranty were communicated by appellant to appellee in Texas and that the computer defects occurred in Texas. It does not offend the traditional notions of fair play and substantial justice to hold appellant accountable in a Texas forum for supplying equipment and making representation as to its performance in Texas. Under the circumstances, appellant's conduct and connection with the forum state are such that he could reasonably anticipate being brought into court here. *Paramount;* at 494; *Siskind v. Villa Foundation for Education, Inc.*, 642 S.W.2d 434, 436 (Tex. 1982). Appellant's first point of error is overruled.

■ Appellant, in its second point of error, alleges that the trial court erred in granting the default judgment because the record does not affirmatively show that strict compliance with the Texas Rules of Civil Procedure relating to the issuance of citation, the manner and mode of service, and the return of process was followed. Appellant contends that there are two fatal defects in the service of citation by certified mail issued upon it: first, the issuing officer failed to sign the return of the citation; and second, citation was issued in the name of the corporation without listing any officer or agent of Retail Technologies as the person to be served. We view the

officer's failure to complete and sign the return as fatal.

The certificate of return form on the same sheet as the citation was not filled out nor signed. The record also shows a filled out United States Postal Service PS Form 3800, Receipt for Certified Mail, and a completed United States Postal Service PS Form 3811, return receipt, stamped "RECEIVED" by the Hidalgo County District Clerk on July 20, 1987, returned from appellant.

Tex.R.Civ.P. 107 provides in pertinent part:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature.

 Failure to affirmatively show strict compliance with the rules regarding issuance, service and return of citation renders the attempted service invalid. *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex.1985); *American Bankers Ins. Company of Florida v. State*, 749 S.W.2d 195, 197 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Mega v. Anglo Iron & Metal Company of Harlingen*, 601 S.W.2d 501, 503 (Tex.Civ. App.—Corpus Christi 1980, no writ). Failure of the officer to sign the return of citation renders the return fatally defective and will not support a default judgment on direct attack. *American Bankers*, 749 S.W.2d at 197; *Metcalf v. Taylor*, 708 S.W.2d 57, 59 (Tex.App.—Fort Worth 1986, no writ); *Cates v. Pon*, 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Here, the officer did not sign the return of citation.

Appellee urges this Court to follow *Walker v. W.J.T., Inc.*, 737 S.W.2d 48 (Tex. App.—San Antonio 1987, no writ), for the proposition that a separate certificate of return to coincide with the certificate of service is not required. Appellee contends that a court can determine whether valid service has been achieved from all the information in the file. However, *Walker* is distinguishable from this case because in *Walker* the certificate of service was signed and certified that "[a] copy of citation with copy of petition attached thereto was mailed by United States Certified Mail, Return Receipt requested." Here, there is no signed certificate of service in the record. The record does not reflect a signature certifying that appellant received a copy of the citation. Appellant's second point of error is sustained.

In view of our holding, we will not discuss appellant's other point of error concerning damages. Tex.R.App.P. 90(a). We REVERSE and REMAND the cause to the trial court.

UTTER, J., not participating.