# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00058-CV

**Deutsche Bank Trust Company Americas f/k/a Bankers Trust Company, Appellant**

**v.**

**Steve E. Mahoney, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
## NO. 9444-P, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Deutsche Bank Trust Company Americas f/k/a Bankers Trust Company appeals from the default judgment rendered in favor of Steve E. Mahoney. Deustche Bank contends that the judgment is void because service on Deutsche Bank was defective. Among appellant's theories is the lack of a signature on the citation return by the serving officer. Mahoney filed a letter in lieu of a brief in which he states that he can find no authority for the contrary proposition. We reverse the judgment and remand for further proceedings.

For a default judgment to stand, the record must show strict compliance with the rules of civil procedure relating to the issuance, service, and return of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). There is no presumption in favor of valid issuance, service, and return of citation in such a case. *Primate*, 884 S.W.2d at 152. The return of service must "state when the

citation was served and the manner of service and be signed by the officer officially or by the authorized person." Tex. R. Civ. P. 107.

Service was attempted by certified mail. Although someone[1] signed the return receipt indicating that citation was delivered, the blanks for the required information in the officer's return section of the citation remain unfilled. These empty blanks render the service of citation defective and require reversal and remand of the judgment. *See Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 74 (Tex. App.—Waco 1997, writ denied); *Retail Techs., Inc. v. Palm City T.V., Inc.*, 791 S.W.2d 345, 346-47 (Tex. App.—Corpus Christi 1990, no writ); *American Bankers Ins. Co. v. State*, 749 S.W.2d 195, 197 (Tex. App.—Houston [14th Dist.] 1988, no writ); *Metcalf v. Taylor*, 708 S.W.2d 57, 58-59 (Tex. App.—Fort Worth 1986, no writ). *But see Walker v. W.J.T., Inc.*, 737 S.W.2d 48, 49 (Tex. App.—San Antonio 1987, no writ) (signed certificate of service fills gap of blank officer's return).

Because the record affirmatively shows a lack of strict compliance with the rules of civil procedure, we reverse the default judgment and remand this cause for further proceedings.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Reversed and Remanded

Filed:  February 10, 2006

_____

[1] Deutsche Bank also complains because the return receipt is signed by an individual who is not the addressee and was not shown to be authorized to receive service for Deutsche Bank.

2