In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00065-CV
______________________________


ROD ROGERS, Appellant
Â 
V.
Â 
JASPER STOVER, W. T. BARBER, AND RUBY RIGSBY, Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 04C1666-102


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Jasper Stover, W. T. Barber, and Ruby Rigsby (collectively, Appellees) brought an action
against their neighbor, Rod Rogers, in connection with a dispute centering on the status of a road
located near their properties. Appellees alleged that Rogers constructed a barrier on the road
prohibiting them from using the road to access their land. They sought declaratory and injunctive
relief as well as attorney's fees and an order requiring Rogers to repair the damage to the road caused
by the construction of the barrier.
Â Â Â Â Â Â Â Â Â Â Â Â Appellees filed their petition December 6, 2004. On January 10, 2005, the trial court signed
a default judgment in favor of Appellees. On January 13, 2005, Rogers filed a Motion to Set Aside
the Default Judgment or Motion for New Trial. The trial court heard this motion, but made no
express ruling on it. The motion was overruled by operation of law. Rogers now appeals this
judgment arguing, among other things, that service was fatally defective. We agree, reverse the
default judgment, and remand the matter for further proceedings.
Service of Process and Default Judgment
Â Â Â Â Â Â Â Â Â Â Â Â It is well-established that, for a default judgment to stand, the record must show strict
compliance with the Rules of Civil Procedure relating to the issuance, service, and return of citation. 
See Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990). The Texas Rules of Civil Procedure provide
the methods of service of process. See Tex. R. Civ. P. 99â124. Receiving suit papers or actual
notice through a procedure not authorized for service is treated the same as never receiving them. 
Fid. & Guar. Ins. Co. v. Drewery Constr. Co., No 05-0295, 2006 Tex. LEXIS 134, at *3 n.1 (Tex.
Feb. 24, 2006) (publication status pending) (citing Wilson, 800 S.W.2d at 836). 
Â Â Â Â Â Â Â Â Â Â Â Â Arguments have been presented regarding the considerations of both an ordinary appeal and
a restricted appeal. First, this case is clearly an ordinary appeal since Rogers participated in the trial
court through his motion for new trial. See Tex. R. App. P. 30. However, much like in a restricted
appeal, we do not have before us a court reporter's record of the hearing on Rogers' motion for new
trial. So, there is some question regarding what presumptions, if any, apply to this case regarding
the evidence at the hearing on the motion for new trial.
Â Â Â Â Â Â Â Â Â Â Â Â We have reviewed the Texas Supreme Court's recent opinion in Drewery Construction and
recognize the differences in cases which are presented by a restricted appeal rather than an ordinary
appeal. Stover argues that those differences are important in this case since there was a hearing on
a motion for new trial and that we should presume, in the absence of a court reporter's record, the
reporter's record supports the validity of the service of citation, citing our opinion in Harmon Truck
Lines, Inc. v. Steele, 836 S.W.2d 262 (Tex. App.âTexarkana 1992, writ dism'd).
Â Â Â Â Â Â Â Â Â Â Â Â We conclude that the service of process was attempted in a manner not authorized by the 
Rules and that the distinctions in presumptions applicable to restricted appeals and ordinary appeals
do control this matter. 
Method of Service Not Authorized by Law
Â Â Â Â Â Â Â Â Â Â Â Â Here, service was attempted by certified mail, return receipt requested. However, the record
affirmatively shows that the attorneys for Stover attempted to serve the citation.
Â Â Â Â Â Â Â Â Â Â Â Â According to the clerk's record, the original petition was filed December 6, 2004, and a
citation was issued. An amended petition was filed December 27, 2004. According to the citation,
the original petition was attached, not the amended petition. The officer's return form which is
attached to the lower portion of the citation is completely unmarked. The next page in the clerk's
record is a United States Postal Service form which appears to show that a delivery was made to Rod
Rogers December 8, 2004. At the top of the document the following is printed: "Sender: Please
print your name, address, and ZIP + 4 in this box." Imprinted in the designated box is what appears
to be the stamped name as follows: "Atchley Russell Waldrop and Hlavinka / 1710 Moores Ln./
Texarkana, TX 75503." In the lower right-hand corner is a handwritten notation "Stover- pldgs" and
in the lower left-hand corner is the handprinted notation "JWT." 
Â Â Â Â Â Â Â Â Â Â Â Â At the time this citation was issued, the Texas Rules of Civil Procedure authorized service
of process by any sheriff or constable or other person authorized by law or by any person authorized
by law or by written order of the court who is not less than eighteen years of age.


 The rule
authorizes that service by registered or certified mail must be made by the clerk of the court, if
requested. "But no person who is a party to or interested in the outcome of a suit may serve any
process . . . ." Tex. R. Civ. P. 103. After service has been accomplished, the officer or authorized
person must endorse a return showing when the citation was served and the manner of service and
be signed by the officer or authorized person. The return of citation by an authorized person shall
be verified. When the citation was served by registered or certified mail as authorized, the return
must also contain the return receipt with the addressee's signature. See Tex. R. Civ. P. 107. 
Â Â Â Â Â Â Â Â Â Â Â Â Among the many defects with this service of citation, the most troublesome is that the record
affirmatively shows that the attorneys for a party attempted to serve the citation by mailing the
document to Rogers. An attorney for one party to the lawsuit is a person with an interest in the
outcome of the case and is not authorized to serve process. See Jackson v. United States, 138 F.R.D.
83, 88 (S.D. Tex. 1991). Therefore, service was attempted by a procedure not authorized and is
treated as no service. See Drewery Constr., 2006 Tex. LEXIS 134, at *3 n.1. Several other defects
readily appear: (1) the defendant was served only with the original petition, not the amended
petition; (2) no officer or authorized person endorsed the day and hour on which he or she received
the citation pursuant to Tex. R. Civ. P. 105; (3) the return of service is completely void of any
information concerning the date, hour, and method of service; (4) the return is not verified; (5)Â there
is no order appointing or authorizing any person, other than the usual officers, to complete service
of process. These omissions render the service of citation defective and require reversal and remand
of the judgment. See Laidlaw Waste Sys., Inc. v. Wallace, 944 S.W.2d 72, 74 (Tex. App.âWaco
1997, writ denied) (holding that attempted service of citation fails to strictly comply with the rules
when the postal return receipt is included in lieu of completing the officer's return section); Retail
Techs., Inc. v. Palm City T.V., Inc., 791 S.W.2d 345, 346â47 (Tex. App.âCorpus Christi 1990, no
writ) (same). But see Walker v. W.J.T., Inc., 737 S.W.2d 48, 49 (Tex. App.âSan Antonio 1987, no
writ) (holding that certificate of service completed by deputy clerk fills gap of officer's blank return). 
Â Â Â Â Â Â Â Â Â Â Â Â We need not address whether any of such defects may have been explained, corrected, or
overcome by a hearing on the motion for new trial because the procedure used to attempt service was
not authorized by law. Because the record affirmatively shows service of process was attempted by
a method not authorized by law, such service is of no consequence and will not support a default
judgment. 
Â Â Â Â Â Â Â Â Â Â Â Â Due to the dispositive nature of this issue, we need not address other issues raised. We
reverse the default judgment and remand this cause to the trial court for further proceedings. 
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â November 15, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â April 5, 2006




endif]-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00113-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  GARY DALE POTTER,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the County Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Lamar County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 57477

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Gary Dale
Potter, appellant, has filed with the county clerk a notice that he no longer
wishes to pursue his appeal.Â  The clerk
has forwarded that notice to us.Â 
Therefore, we dismiss the appeal.Â 
See Tex. R. App. P. 42.2(a).

Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  July
19, 2011Â Â  

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  July
20, 2011

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â 

Â 

Â