

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-25-00118-CV

---

### Bexar County Hospital District d/b/a University Health
### f/k/a University Health System, Appellant

### v.

### Consuelo Levine, Appellee

---

**On Appeal from the 73rd Judicial District Court**
**Bexar County, Texas**
**Trial Court No. 2021CI05115**

---

## SUBSTITUTED MEMORANDUM OPINION[1]

We withdraw our opinion and judgment of November 25, 2025, and substitute the following opinion and corresponding judgment in their place. Appellant's motion for rehearing is denied.

Bexar County Hospital District d/b/a University Health f/k/a University Health System (University Health) appeals the trial court's order denying its plea to the jurisdiction and motion

---

[1] This appeal was transferred to us from the Fourth Court of Appeals under a docket equalization order. *See* Tex. Gov't Code Ann. § 73.001. We thus apply that court's precedent to the extent it conflicts with our own. Tex. R. App. P. 41.3.

for summary judgment in this employment discrimination suit brought by Appellee Consuelo Levine. Because University Health did not conclusively show that Levine's suit is barred by limitations, we affirm the trial court's order.

## I. BACKGROUND

As a hospital district, University Health is responsible for "furnishing medical and hospital care for indigent and needy persons residing in the district." Tex. Health & Safety Code Ann. § 281.046; Tex. Const. art. IX, § 4. Levine, a former University Health employee, filed an age, sex, and disability discrimination charge against it on September 18, 2020. The EEOC provided University Health with a copy of the charge. After completing its investigation, the EEOC sent Levine a right-to-sue letter dated December 30, 2020, again providing a copy to University Health. On March 19, 2021, i.e., 79 days later, Levine filed this suit under the Americans with Disabilities Act (ADA), naming "University Health Systems, Inc." as the sole defendant. Texas Secretary of State records reflect that "University Health Systems, Inc." is not a domestic or foreign entity registered to do business in Texas.

On April 6, 2021, a process server left a citation and copy of Levine's complaint at the Office of Legal Services at University Hospital, which is owned and operated by University Health. The documents were delivered to University Health's counsel. Two days later, on April 8, University Health's counsel returned the documents to Levine's counsel via email and regular mail, advising that the documents had been "mistakenly delivered" and "[w]e have no knowledge of 'University Health Systems, Inc.'" Levine's counsel responded via email, "Thank you, our process server must have provided that on accident. You can disregard," to which University Health's counsel responded, "There is no such entity doing business there." The following day, April 9, Levine's counsel responded, "That's not what our research has found or our process server. How did you come across the paperwork?" University Health's counsel responded, "Your process

2

server came to University Hospital and asked for Legal Services. They delivered the documents to me. If you have located such an entity, then please call that entity's agent for service of process and find where he/she is located." The clerk's case summary contains entries indicating that "University Health Systems, Inc." was served on April 6, 2021, and that the "Return Date/Time" was April 14, 2021.[2]

Six months later, on October 26, 2021, Levine filed an amended complaint, naming "Bexar County Hospital District a/k/a University Health System" as the sole defendant. The record does not reflect whether or when service of the amended complaint was effected, but University Health filed an answer and plea to the jurisdiction on August 15, 2022. The plea asserted that this suit "must be dismissed because [Levine] failed to file suit against and timely serve University Health within the time frame mandated by the ADA," which implicates a "jurisdictional bar." University Health later filed a motion for summary judgment similarly asserting that suit should be dismissed for lack of subject matter jurisdiction because Levine "did not plead or prove, nor can she under the undisputed facts in this case, that she complied with the applicable limitations period."

Levine filed a summary judgment response raising misnomer as a defense, asserting that "while [she] incorrectly identified the Defendant [in her initial complaint], [she] filed an Amended Complaint . . . correcting the name," and "[t]his was nothing more than a misnomer, which courts have routinely held is sufficient to relate back to the filing of the original complaint." Levine further noted that University Health's counsel "had received the original complaint that was timely filed" and "acknowledged that it was 'mistakenly delivered.'" Levine also cited out-of-jurisdiction authority that courts "will not allow technicality to defeat proper administration of justice and will

---

[2] While University Health requested that the "Return of Citation filed on 4/14/21" be included in the clerk's record, the record includes no such document. However, a copy of the citation and unexecuted return was attached as an exhibit to University Health's summary judgment motion. This document reflects that citation was issued on March 29, 2021, and received by the process server on March 31, 2021.

allow misnomers to be amended and relate back as matter of course."

After a hearing, the trial court denied University Health's motion for summary judgment and plea to the jurisdiction. University Health filed this accelerated interlocutory appeal under Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). In one global issue, University Health argues that the trial court erred in denying its motion for summary judgment and plea to the jurisdiction, asserting Levine: (1) "failed to comply with the statutory prerequisites of the ADA by failing to sue her employer timely"; and (2) "effected no service upon University Health at the time of filing her original Complaint against a non-existent entity," thereby precluding any misnomer defense.

## II. STANDARD OF REVIEW

A hospital district possesses governmental immunity from state-lawsuits for damages except where waived by the Legislature. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). However, like other local governmental entities, a hospital district possesses no immunity from federal-lawsuits for damages. *See Hoff v. Nueces Cnty.*, 153 S.W.3d 45, 49 (Tex. 2004) ("[I]mmunity does not bar [federal-lawsuits] [for damages] against 'lesser entities' such as 'a municipal corporation or other governmental entity which is not an arm of the State.'") (citing *Alden v. Maine*, 527 U.S. 706, 756 (1999)); *Bansal v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 502 S.W.3d 347, 357 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (distinguishing between "a State entity," which may possess immunity to a federal-lawsuit for damages, and "a political subdivision" such as "a county or a hospital district," which possesses no such immunity).[3]

Statutory prerequisites to suit—including limitations provisions—implicate subject-matter

---

[3] *See also San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 282 (Tex. 1996) ("[T]he United States Supreme Court has 'consistently refused to construe [Eleventh] Amendment [immunity] to afford protection to political subdivisions . . ., even though such entities exercise a slice of state power.'"); *Klein v. Hernandez*, 315 S.W.3d 1, 7 (Tex. 2010) (holding that hospital districts are political subdivisions).

jurisdiction over claims asserted against governmental entities. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012). Subject-matter jurisdiction may be challenged through a plea to the jurisdiction or motion for summary judgment. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) ("[S]overeign immunity . . . 'may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment.'") (citing *State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009)). Such a plea or motion may challenge "whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case,' 'the *existence* of those very jurisdictional facts,' or both." *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012)) (emphasis in original).

When, as here, the existence of jurisdictional facts is challenged, "we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim." *Tex. Health & Human Services Comm'n v. Pope*, 674 S.W.3d 273, 281 (Tex. 2023). This analysis involves a question of law which we review de novo and mirrors our evaluation of a traditional motion for summary judgment. *Id*. at 280–81. That is, the governmental entity must satisfy the initial traditional summary judgment burden of proof; if it does so, the plaintiff must show that a fact issue exists. *Id*. at 281. If a fact issue exists, the plea must be denied. *Id*. If no fact issue exists, the plea must be granted. *Id*.

As in the summary judgment context, we "take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor," but we "cannot disregard evidence necessary to show context," and "cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not." *Id*.

## III. DISCUSSION

Under the ADA, a plaintiff must file suit within 90 days after receiving a right-to-sue letter from the EEOC; otherwise, suit is barred. *Teamah v. Applied Materials, Inc.*, 715 Fed. Appx. 343, 345 (5th Cir. 2017); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(l). It is undisputed that Levine filed suit within the required 90-day period—her right-to-sue letter was issued on December 30, 2020, and she filed suit on March 19, 2021, i.e., 79 days later.  On April 6, 2021—no more than a week after the 90-day limitations period expired—a process server left a citation and copy of Levine's complaint at the Office of Legal Services at University Hospital, which is owned and operated by University Health.[4] However, "University Health Systems, Inc.," the sole defendant named in Levine's initial complaint, is a non-existent entity. Six months later, on October 26, 2021, Levine filed an amended complaint, naming "Bexar County Hospital District a/k/a University Health System" as the sole defendant.

In the trial court, Levine raised the defense of misnomer, asserting that "while [she] incorrectly identified the Defendant [in her initial complaint], [she] filed an Amended Complaint . . . correcting the name," and "[t]his was nothing more than a misnomer, which courts have routinely held is sufficient to relate back to the filing of the original complaint." Levine further noted that University Health's counsel "had received the original complaint that was timely filed" and "acknowledged that it was 'mistakenly delivered.'" In addition, Levine cited out-of-

---

[4] A suit is timely brought by filing a petition and serving it before limitations expires. *Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 296 (Tex. 2024). If the petition is filed before limitations expires but served afterwards, service "can relate back to the date the petition was filed and thus be considered timely" if the plaintiff shows he was "diligent in attempting service from the time limitations expired until proper service was finally achieved." *Id.* Here, suit was filed on March 19, 2021, citation was issued on March 29, limitations expired no earlier than March 30, and the service documents were left at University Hospital's Office of Legal Services on April 6 a total timespan of 19 days. University Hospital does not argue that diligence in attempting service was not exercised during this time, and we conclude that at a minimum the evidence presents a fact question on this point. *See Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 302 (Tex. 2024) ("Diligence normally raises a fact question[.]"); *Harrell v. Alvarez*, 46 S.W.3d 483, 486 (Tex. App.—El Paso 2001, no pet.) (holding that diligence in attempting service was *conclusively* established where citation was served "only five days after citation issued, twenty-five days after plaintiffs filed their petition, and merely fifteen days after limitations expired.") (emphasis added).

jurisdiction authority that courts "will not allow technicality to defeat proper administration of justice and will allow misnomers to be amended and relate back as matter of course." Under Texas law, misnomer occurs "when the plaintiff misnames the correct defendant, and the correct defendant is actually served"; in that circumstance, "the limitations period is tolled, and a subsequent amendment of the petition (correcting the defendant's name) will 'relate back' to the date of the original petition/service." *Salazar v. Pena*, No. 08-23-00298-CV, 2024 WL 4512349, at *4 (Tex. App.—El Paso Oct. 17, 2024, no pet.) (mem. op.) (citing *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990)).

University Health argues that misnomer is inapplicable here because "University Health was not served with citation to [Levine]'s original Complaint on or before [her] deadline to file suit, March 30, 2021—no entity was." But the evidence does not conclusively establish that the correct defendant—Bexar County Hospital District d/b/a University Health—was not actually served on April 6, 2021. According to University Health, "a process server left a citation and [Levine's] Complaint at the office of Legal Services at University Hospital." Without more information, it is unclear whether this apparent attempt at service failed or succeeded. *See Zhao v. Sea Rock Inc.*, 659 S.W.3d 119, 128 (Tex. App.—El Paso 2022, pet. denied) (holding that service is effected on entity if individual receiving documents on its behalf "was allowed to receive service" or "could accept service") (citing *Uvalde Country Club v. Martin Linen Supply, Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam) and *Master Cap. Sols. Corp. v. Araujo*, 456 S.W.3d 636, 642 (Tex. App.—El Paso 2015, no pet.)); *see also, e.g.*, *Tex. Indus., Inc. v. Sanchez*, 521 S.W.2d 133, 135–36 (Tex. App.—Dallas 1975, writ ref'd n.r.e.) (merely "walk[ing] into the room, put[ting] an envelope on the table, and le[aving] without saying a word" may not effect service of process); *Dosamantes v. Dosamantes*, 500 S.W.2d 233, 236–37 (Tex. App.—Texarkana 1973, writ dism'd) (merely pushing documents under a door may not effect service of process).

"A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *Gill v. Hill*, 688 S.W.3d 863, 868 (Tex. 2024). Further, to succeed on this defense at the summary-judgment stage, the movant "must also conclusively negate application of . . . any tolling doctrines pleaded as an exception to limitations."[5] *Id*. Misnomer qualifies as such a doctrine. *Levinson Alcoser Associates, L.P. v. El Pistolon II, Ltd*., 670 S.W.3d 622, 628 (Tex. 2023) ("[I]n cases involving misnomer—where the petition merely misnames the correct defendant—'limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition.'") (citing *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990)).

Accordingly, in the absence of evidence conclusively showing that service was not effected on University Health on April 6, 2021—i.e., conclusively negating Levine's misnomer defense—we conclude that University Health was not entitled to judgment as a matter of law on limitations and the trial court correctly denied its motion for summary judgment and plea to the jurisdiction.

## IV. MOTION FOR REHEARING

In its motion for rehearing, University Health argues we erred in concluding that leaving a citation and complaint at Legal Services at University Hospital could constitute service, citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884 (Tex. 1985) and several other cases setting forth "well-settled Texas law as to the strict requirements for service of citation."[6]

---

[5] While Levine did not expressly plead the defense of misnomer, renaming the defendant appears to be the only substantive change in her amended complaint. Further, University Health's motion for summary judgment anticipated such a defense, stating that "[Levine] may attempt to assert . . . misnomer . . . as a defense to the statute of limitations." And when Levine's response in fact raised such a defense, asserting that "while [Levine] incorrectly identified [University Health] [in her Complaint], [she] filed an Amended Complaint on October 26, 2021, correcting the name," which involved "nothing more than a misnomer, which courts have routinely held is sufficient to relate back to the filing of the original complaint," University Health did not object. Under these circumstances, we conclude that misnomer was tried by consent. *See Roark v. Stallworth Oil & Gas, Inc*., 813 S.W.2d 492, 495 (Tex. 1991) (holding that affirmative defense was tried by consent because it was relied on in summary judgment briefing without objection); *see also id*. ("[C]laims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings.").

[6] No such strict-compliance argument was made in University Health's appellate brief or in the trial court. Normally,

However, these cases all involved setting aside a default judgment,[7] a highly disfavored disposition. *See Tabakman v. Tabakman*, No. 24-0919, 2025 WL 3492090, at *2 (Tex. Dec. 5, 2025) ("Default judgments are 'greatly disfavor[ed]' under Texas law, consistent with the strong policy preference for adjudicating cases on the merits.") (citing *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 921, 925 (Tex. 2024)); *see also Turbo Restaurants, LLC v. Reid's Refrigeration Inc.*, 657 S.W.3d 490, 494 (Tex. App.—El Paso 2022, no pet.) ("[S]trict compliance with service requirements in the default context is . . . intended to safeguard due process, allowing the defendant an opportunity to appear and defend the action on the merits.") (citing *W. Garry Waldrop DDS, Inc. v. Pham*, No. 14-15-00747-CV, 2016 WL 4921588, at *2 (Tex. App.—Houston [14th Dist.] Sept. 15, 2016, no pet.) (mem. op.)).[8]

Here, rather than seeking to set aside a default judgment in favor of Levine, University Health seeks summary judgment in its own favor. University Health cites no authority holding that in this context a lack of strict compliance with the rules for service suffices to show that service

---

we do not consider arguments made for the first time on rehearing. *Hamlett v. Hamlett*, No. 01-04-01097-CV, 2006 WL 2690304, at *1 (Tex. App.—Houston [1st Dist.] Sept. 21, 2006, pet. denied) (mem. op.). However, University Health's arguments implicate subject-matter jurisdiction, which can be raised at any time. *See Tex. Right to Life v. Van Stean*, 702 S.W.3d 348, 356 (Tex. 2024) (per curiam) ("[S]ubject matter jurisdiction cannot be waived, and can be raised at any time."); *Klinek v. LuxeYard, Inc.*, 596 S.W.3d 437, 442 n.1 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (holding that lack of jurisdiction "may be raised for the first time in a motion for rehearing").

[7] *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 884 (Tex. 1985) (per curiam) ("The question here is whether service of citation was proper in [an] attack on a default judgment."); *see also id.* at 885 (setting aside default judgment); *Paramount Credit Inc. v. Montgomery*, 420 S.W.3d 226, 233 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (same); *Premier Coin Galleries, Inc. v. Grinage*, No. 04-08-00863-CV, 2009 WL 1804112, at *3 (Tex. App.—San Antonio June 24, 2009, no pet.) (mem. op.) (same); *Rodriguez v. Uvalde Care Ctr., LLC*, No. 04-04-00269-CV, 2004 WL 2289794, at *2 (Tex. App.—San Antonio Oct. 13, 2004, no pet.) (mem. op.) (same); *American Bankers Ins. Company of Florida v. State*, 749 S.W.2d 195, 197 (Tex. App.—Houston [14th Dist.] 1988, no writ) (same); and *Metcalf v. Taylor*, 708 S.W.2d 57, 59 (Tex. App.—Fort Worth 1986, no writ) (same).

[8] *See also Tabakman v. Tabakman*, No. 24-0919, 2025 WL 3492090, at *2 (Tex. Dec. 5, 2025) (per curiam) ("When both sides are present for litigation, the adversarial clash increases the likelihood that accurate and truthful results will emerge through the collision of evidence and ideas. But the complete absence of the losing party raises pressing concerns, including the troubling nature of ex parte communications even when permissible, the inherent unfairness to the missing party, and the threat to judicial integrity and independence that comes from the heightened risk of pronouncing and then enforcing erroneous judgments, backed by the coercive power of the State. Indeed, our law merely tolerates such judgments because defendants cannot defeat the authority of the courts simply by refusing to appear. Accordingly, any doubts about a default judgment—not just doubts about service—must be resolved against the party who secured the default.") (citations and internal quotation marks omitted).

9

did not occur. Moreover, if this were the law, no misnomer defense would exist, since the premise of such a defense is that the defendant was misnamed in the service documents. *See Enserch Corp.*, 794 S.W.2d at 4 (misnomer involves misnaming of the defendant). We conclude that the instances of lack of strict compliance with the rules for service noted by University Health here—misnaming of the defendant in the citation and a missing return—do not conclusively show that service was not effected.

University Health next argues we erred in determining that the evidence "raised a fact issue" as to whether service was effected. However, we did not make such a determination[9] and instead concluded that University Health failed to satisfy its initial summary judgment burden to conclusively show service was not effected. Because University Health did not satisfy this burden, the burden to raise a fact issue never shifted to Levine. *See Pope*, 674 S.W.3d at 281 ("A [governmental entity] that files a plea to the jurisdiction has the initial burden of meeting the [traditional] summary judgment standard of proof for its assertion that the courts lack jurisdiction; *if* it does so, the plaintiff must then 'show that a disputed material fact exists[.]'") (citing *Mission Consol. Indep. Sch. Dist.*, 372 S.W.3d at 635 (Tex. 2012) (emphasis added)).

Accordingly, while University Health contends Levine "has never asserted . . . that University Health was ever served," and "has offered no summary judgment evidence to document service," Levine had no obligation to do so absent a conclusive showing by University Health that such service did not occur. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) ("[A summary judgment] movant . . . must establish his entitlement to a summary judgment on the issues expressly presented . . . by conclusively proving all essential elements of his cause of action or defense[.]"; "Summary judgments must stand on their own merits, and the

---

[9] Nor did we, as University Health asserts, "cite[] to [certain] evidence as raising a reasonable inference that University Health was served[.]"

non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right.").

Finally, as University Health itself notes, the summary judgment evidence is consistent with multiple inferences. One of those inferences is that service was successfully effected. Because University Health did not conclusively show otherwise, we conclude that it was not entitled to prevail on its motion for summary judgment or plea to the jurisdiction.

## V. CONCLUSION

For the reasons stated above, we affirm the trial court's order denying University Health's motion for summary judgment and plea to the jurisdiction and remand this case for further proceedings consistent with this opinion.

LISA J. SOTO, Justice

January 23, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.
Palafox, J., dissents without opinion.
Palafox, J., would grant Motion for Rehearing