Charles METCALF and Wife, Vikki
Metcalf, Appellants,

v.

Lloyd TAYLOR III, Individually and as
Next Friend of Lloyd Jackson Taylor
IV, Appellees.

No. 2–85–206–CV.

Court of Appeals of Texas,
Fort Worth.

May 8, 1986.

**58**

Murrell & Freeman, John L. Freeman, Dallas, for appellants.

Vick, Trammell & Reese, Stephen E. Reese, Denton, for appellees.

Before JORDAN, BURDOCK and ASH-WORTH (Retired, Sitting by Assignment), JJ.

## OPINION

JORDAN, Justice.

In the trial court, Taylor, individually and as next friend of his minor son, Lloyd Jackson Taylor IV, filed suit against appellants Charles and Vikki Metcalf for personal injuries suffered by the minor as a result of an attack upon him by a dog belonging to appellants. Appellant Charles Metcalf was served personally but service was attempted upon Vikki Metcalf, then living apart from her husband Charles, by registered mail as permitted by TEX.R.CIV.P. 106. Neither of the Metcalfs filed an answer to the Taylor suit and upon a hearing, a default judgment in favor of Lloyd Taylor and his minor son was granted jointly and severally against the Metcalfs in the total amount of $15,000.00, representing $2,500.00 exemplary damages and $12,-500.00 compensatory damages.

By writ of error, both Metcalfs appeal the trial court judgment, raising twelve points of error.

We affirm in part, reverse and remand in part, and reverse and render in part.

Appellants' first five points of error all complain of the attempted service on Vikki Metcalf by registered mail. We will discuss only the first three points, which point out the fatal defect in the attempted service on Vikki Metcalf by registered mail. Points of error four and five are overruled as moot.

■ Service by registered mail, under TEX.R.CIV.P. 106, was attempted by mailing the citation and a copy of the plaintiffs' petition to Vikki Metcalf at her address in Wichita Falls, Texas. However, the return of citation filed in this appellate record, shows clearly that the officer's return at the bottom of the citation was not filled out at all and was not signed by him. The

citation found in this record did not comply with the requirements of TEX.R.CIV.P. 107, which compels the serving officer to show on the return when the citation was served and the manner of service and further requires that the officer sign the citation officially. When citation is served by registered or certified mail, the return by the officer must also contain the return receipt with the addressee's signature. The only thing this record reflects concerning service by registered mail on appellant Vikki Metcalf is a small card showing that she signed a registered receipt, but it shows no date of signature, nor does it show what the signature represents.

The service of process as to Vikki Metcalf in this case did not comply in any regard with rule 107, and was therefore fatally defective. *See Cates v. Pon*, 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Travieso v. Travieso*, 649 S.W.2d 818, 820 (Tex.App.—San Antonio 1983, no writ).

■ When a default judgment is directly attacked by writ of error, it is essential that there be strict compliance with the rules of civil procedure in regard to the issuance of citation, the manner and mode of service, and the return of process. *Mega v. Anglo Iron & Metal Co.*, 601 S.W.2d 501, 503 (Tex.Civ.App.—Corpus Christi 1980, no writ).

■ Although there is usually a presumption in favor of valid issuance, service, and return of citation, there is no such presumption when a default judgment is directly attacked. *See McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965).

Appellants' first three points of error are sustained and the judgment against Vikki Metcalf is reversed and remanded to the trial court. *Cf.* TEX.R.CIV.P. 123.

By point of error nine, appellants attack the rendition by the trial court of $2,500.00 for exemplary damages because, say the appellants, such damages are not supported by any evidence. We agree with this contention, sustain point of error nine, and as to exemplary damages, reverse and render the trial court judgment.

At the default hearing, the only witness was Lloyd Taylor III, father of the minor child attacked by appellants' dog. He testified that on June 9, 1984, his child was attacked and bitten by appellants' dog at appellants' residence in Lewisville, Texas. He also testified, in an attempt to prove exemplary damages, that approximately a year prior to June 9, 1984, the same dog also bit his son. In addition to such testimony, the pleadings allege the prior attack on the child. While we recognize that in a default case, everything alleged in the pleadings except unliquidated damages is admitted by the defaulting party, we hold that in this case, since there was no evidence at all of the manner or severity of the attack, or of the Metcalfs' knowledge of the attack, the matter of exemplary damages was not raised at trial.

■ The purpose of awarding exemplary damages is to punish the perpetrator of a grossly negligent act and to act as a future deterrent to such conduct. We hold that in this case, without evidence, there is nothing to show the degree or type of misconduct or gross negligence involved and thus nothing on which to determine the amount of exemplary damages required.

Under these circumstances, exemplary damages were not properly awarded. Accordingly, that part of the judgment is reversed and rendered.

■ By points of error six, seven, eight and ten, appellants argue first that damages for future pain and suffering and future mental anguish are not supported by any evidence, or that the evidence is factually insufficient to support such damages, or that the award of such damages is against the great weight and preponderance of the evidence so as to be manifestly wrong. In point of error twelve, appellants contend that the total judgment of $15,000.00 is excessive and against the great weight and preponderance of the evidence. These points of error are all overruled because, while admittedly the evidence in support of the amount of $12,500.00 for compensatory or actual damages could be stronger and more extensive, we cannot

say there is no evidence in this record to support a recovery of that amount of damages, or that the evidence to support that award is factually insufficient.

The father testified that his child was bitten by appellants' dog and that as a result the child had one small hole about ⅛″ from the tear duct on his left eye, and a small hole in his cheek on the left side of his face. He also testified that the top part of his lip on the left side was ripped through about ¼″, and that when the child smiles, there is a "definite discontinuity of the contour of his lip." Mr. Taylor also testified that since the occurrence of June 9, 1984, the child has had a fear of dogs.

Even though the father admitted that the child's wounds, at time of trial, had healed, and even though about the only evidence of future damage is the testimony of the father relative to the child's lip, we cannot say that this is not sufficient evidence of probative force, under these circumstances, to support the court's award of $12,500.00 actual damages given that the record reveals no apportionment or division of the total $12,500.00 compensatory damage award. Therefore, points of error six, seven, eight, ten, and twelve are overruled.

The judgment, as to appellant Charles Metcalf only, is therefore affirmed in the amount of $12,500.00.