Larry W. ARMSTRONG, Appellant,

v.

Mark A. MINSHEW, Appellee.

No. 05-88-00621-CV.

Court of Appeals of Texas,
Dallas.

March 30, 1989.

Lanny E. Perkins, Dallas, for appellant.

Robert J. Matlock, Dallas, for appellee.

Before ENOCH, C.J., and BAKER
and WHITTINGTON, JJ.

BAKER, Justice.

The issue presented is whether service of citation was proper in the face of a writ of error attack on a default judgment. We hold service was not proper and reverse the trial court's judgment and remand the cause for trial.

The four elements necessary for review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985). The record reflects that the first three criteria have been met, and the sole question is whether error is apparent on the face of the record.

Appellant asserts two points of error. His first point is that the trial court improperly granted default judgment because appellant was not properly served with citation, and therefore the trial court lacked personal jurisdiction over him. Appellant's complaint is that the record fails to reflect the issuance, service, and return of citation in accordance with the law.

The record reflects that appellee sued appellant in a district court for damages involving three separate contracts between the parties. Appellee's original petition alleged that appellant's address for service was 1545 Driftwood, Dallas, Texas, and citation was issued to serve appellant at that address. Appellee subsequently filed a motion for substituted service attaching a deputy constable's affidavit. The motion and affidavit detailed six attempts to serve appellant at an address of 2710 Douglas, # 122, Dallas, Texas. Appellee's motion requested a court order under Rule 106 of the Texas Rules of Civil Procedure for service with anyone over the age of sixteen (16) years at Apartment 122, 2710 Douglas, the address alleged to be the residence of appellant. The order for substituted service directed the officer to serve anyone over sixteen years of age at Apartment 122, 2710 Douglas, Dallas, Texas, or to attach a copy of the citation and the petition to the front door of the residence at the same address. The return of citation

shows service at 3913 Cedar Springs, Dallas, Texas. Appellant neither answered nor appeared, and a default judgment was rendered against him.

Appellant argues that the record fails to affirmatively show strict compliance with the Rules of Civil Procedure relating to the issuance of citation, the manner and mode of service, and the return of process. He contends that the court ordered substituted service at the apartment address at 2710 Douglas, but that the return shows service as having been made at 3913 Cedar Springs. He argues that this return fails to comply with either the petition, the motion for substituted service, or the order for substituted service and therefore is insufficient to confer personal jurisdiction over him.

Appellee argues that the address shown on the return results from a "clerical error." Appellee contends before this Court that the officer who completed the return of service made an error and that citation was actually served in accordance with the trial court's order for substituted service. Appellee has sought to supplement the record in this case by filing pleadings and an affidavit before our Court relating to this alleged clerical error.

■ We disagree with appellee's contention because he cannot by supplemental transcript or otherwise introduce evidence in this Court which was necessary to make out a prima facie case in the trial court to support the default judgment. *See White Motor Co. v. Loden,* 373 S.W.2d 863, 865 (Tex.Civ.App.—Dallas 1963, no writ). We are limited in review to the record as it existed before the trial court at the time the default judgment was rendered. *See Wilson v. Industrial Leasing Corp.,* 689 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1985, no writ); *Southwestern Bell Telephone Co. v. Griffith,* 575 S.W.2d 92, 104 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ In order to sustain a default judgment which is directly attacked by writ of error, it is essential that there be strict compliance with the Rules of Civil Procedure relating to the issuance of citation, the manner and mode of service, and the return of process. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment. *Uvalde Country Club v. Martin Linen Supply Co., Inc.,* 690 S.W.2d 884, 885 (Tex.1985); *McKanna,* 388 S.W.2d at 929. The failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Uvalde Country Club,* 690 S.W.2d at 885.

In this case, the trial court authorized substituted service on appellant at an address of 2710 Douglas, Apartment 122, Dallas, Texas. The return in the record reflects service at 3913 Cedar Springs, Dallas. We hold, as a matter of law, that the record fails to affirmatively show strict compliance with the Rules of Civil Procedure, and the attempted service of process is invalid and of no effect. *Uvalde Country Club,* 690 S.W.2d at 885.

Our disposition of appellant's first point of error renders it unnecessary to discuss his second point. We reverse the trial court's judgment and remand the cause for trial.