**LAIDLAW WASTE SYSTEMS, INC., et al., Appellants,**

v.

**Elmer George WALLACE, et ux., Appellees.**

No. 10–96–089–CV.

Court of Appeals of Texas, Waco.

April 23, 1997.

Rehearing Denied May 21, 1997.

J. Frank Kinsel, Jr., David B. Dowell, David A. Palmer, Cantey & Hanger, L.L.P., Fort Worth, James H. Holmes, III, Burford & Ryburn, L.L.P., Dallas, for appellants.

John O. Roark, Law Office of John O. Roark, Temple, for appellees.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

By writ of error, Laidlaw Waste Systems, Inc. and Cresenciano C. Hernandez (collectively "Laidlaw") challenge a default judgment entered in favor of Elmer George Wallace and Marie L. Wallace, his wife. Laidlaw asserts the trial court erred in rendering the default judgment because the record does not show strict compliance with the rules regarding issuance of citation, the manner and mode of service, and the return of service. Additionally, Laidlaw claims that the trial court lacked personal jurisdiction over it because of the defective service. Finally, Laidlaw alleges that the trial court erred in rendering a default judgment when proof of service had not been on file for ten days prior to such judgment. Because the record fails to show strict compliance with the rules regarding the return of service, we reverse the default judgment and remand.

A garbage truck owned and operated by Laidlaw struck the Wallaces' pick-up truck and injured them. On August 30, 1995, the Wallaces filed suit against Laidlaw alleging various acts of negligence. Thereafter, on December 18, 1995, the Wallaces filed their First Amended Original Petition. The District Clerk issued a citation, which bore the hand-written notation "Pltf's 1st Amended Pet w/request for Admissions, Interrogatories & Request for Prod," and served it by certified mail, return receipt requested, on December 19, 1995. When the return receipt (PS Form 3811) arrived back at the clerk's office, a deputy clerk stamped it with the date and time of receipt, filed-marked the cause-number on it, and initialed it. The return receipt was then attached to the citation. However, no one in the District Clerk's office ever completed the "officer's return" section of the citation. After Laidlaw failed to answer by the calculated answer date, the Wallaces sought and were awarded a default judgment on March 1, 1996, in the amount of $408,434.58, plus costs of suit. Laidlaw filed this writ of error on April 15, 1996.

Upon learning of Laidlaw's writ of error, the District Clerk executed an affidavit dated May 28, 1996, explaining the usual procedures regarding service of process in Johnson County. On her own accord, the District Clerk then designated the affidavit a supplemental transcript and filed it with this Court. Laidlaw thereafter filed a Motion to Strike the supplemental transcript, which the Wallaces opposed. This affidavit did not exist when the trial court granted the default judgment against Laidlaw. Our review is limited to the record as it existed before the trial court at the time the default judgment was rendered. *Armstrong v. Minshew,* 768 S.W.2d 883, 884 (Tex.App.—Dallas 1989, no writ); *see also Gerdes v. Marion State Bank,* 774 S.W.2d 63 (Tex.App.—San Antonio 1989, writ denied) (record cannot be changed after defaulting party has perfected a writ of error). We grant Laidlaw's motion and strike the supplemental transcript.

In its first point of error, Laidlaw complains that the trial court erred in rendering the default judgment because the record does not affirmatively demonstrate strict compliance with the rules regarding issuance of citation, the manner and mode of service, and the return of service. A writ of error that directly attacks a judgment must: (1) be brought within six months after the judgment was signed; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be apparent from the face of the record. *DSC Finance Corporation v. Moffitt,* 815 S.W.2d 551, 551 (Tex.1991). Laidlaw has met the first three criteria; thus, the sole remaining question is whether error is apparent on the face of the record. Laidlaw claims the defective service is such an error.

Strict compliance with the Rules of Civil Procedure relating to the issuance of

citation, the manner and mode of service, and the return of process is necessary to sustain a default judgment which is directly attacked by writ of error. *Primate Const., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994); *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990); *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *Armstrong,* 768 S.W.2d at 884. We recognize no presumptions in favor of valid issuance, service, and return of citation in the face of a writ-of-error attack on a default judgment. *Primate Const., Inc.,* 884 S.W.2d at 152; *Wilson,* 800 S.W.2d at 836; *Uvalde Country Club v. Martin Linen Supply Co., Inc.,* 690 S.W.2d 884, 885 (Tex.1985); *McKanna,* 388 S.W.2d at 929; *Armstrong,* 768 S.W.2d at 884. Moreover, lack of strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Wilson,* 800 S.W.2d at 836; *Uvalde Country Club,* 690 S.W.2d at 885; *Armstrong,* 768 S.W.2d at 884.

The issue is whether a postal return receipt can be substituted for a completed officer's return. Rule 107 of the Texas Rules of Civil Procedure provides:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified. When the citation was served by registered or certified mail as authorized by Rule 106, *the return by the officer or authorized person must also contain the return receipt* with the addressee's signature.

TEX.R. CIV. P. 107. (emphasis added). When citation is served using registered or certified mail, the return must: (1) be endorsed upon or attached to the citation; (2) state when citation was served; (3) be signed by the officer officially or the authorized person who served the citation; (4) be verified if served by an authorized person; and (5) have the return receipt with the addressee's signature

attached.[1] The officer's failure to complete and sign the return is fatal, even when a postal receipt is included in the record. *Retail Technologies v. Palm City T.V.,* 791 S.W.2d 345, 346–47 (Tex.App.—Corpus Christi 1990, no writ); *Metcalf v. Taylor,* 708 S.W.2d 57, 58–59 (Tex.App.—Fort Worth 1986, no writ). By using the postal return receipt in lieu of completing the return, the District Clerk's service of citation on Laidlaw failed to strictly comply with the Rules of Civil Procedure and will not support the default judgment. *Primate Const., Inc.,* 884 S.W.2d at 152; *Wilson,* 800 S.W.2d at 836; *McKanna,* 388 S.W.2d at 929; *Armstrong,* 768 S.W.2d at 884.

The Wallaces argue that the District Clerk substantially complied with the rules by using the postal return receipt in lieu of a completed officer's return. That may be true. However, under a writ of error attack, strict compliance is required. *Id.* Furthermore, the Wallaces contend the default judgment should stand because Laidlaw received actual notice of the lawsuit. A default judgment is improper against a defendant who has not been served in strict compliance with the rules, even if the defendant has actual knowledge of the lawsuit. *Wilson,* 800 S.W.2d at 836–37.

The Wallaces also attempt to distinguish the authorities espoused by Laidlaw. They contend *Metcalf* is distinguishable because in that case the problem arose not from the absence of a separate and completed return of citation, but from the absence of the return receipt and all of the other return information required by Rule 107. However, the *Metcalf* court noted that the record concerning service by registered mail on Vikki Metcalf included a small card showing that she signed a registered receipt. *Metcalf,* 708 S.W.2d at 59. The receipt showed no date of signature nor what the signature represented. *Id.* Although in this case the District Clerk furnished some information on the return receipt, we believe that distinction fails to diminish the prescribed rule requiring that

---

1. The Officer's Return by Mailing section of the citation included in the record instructs "[s]ervice upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto." Additionally, the bottom of the return reads: "ATTACH RETURN RECEIPT(S) WITH ADDRESSEE'S SIGNATURE BELOW."

the return receipt be attached to the completed officer's return. *Id.* at 58–59.

We recognize that some authority supports the Wallaces' argument that the postal return receipt can be used in lieu of a completed officer's return. In *Walker v. W.J.T., Inc.*, 737 S.W.2d 48, 49 (Tex.App.—San Antonio 1987, no writ), the court found that a combination of a certificate of service, a certified mail receipt (PS Form 3800), and a return receipt satisfied the requirements of Rule 106 and 107 without the return being completed. However, we disagree with this conclusion. The return of service is not a trivial document. *Primate Const., Inc.*, 884 S.W.2d at 152. We believe good public policy favors strict application because of the dire consequences of a default judgment. *Verlander Enterprises, Inc. v. Graham*, 932 S.W.2d 259, 262 (Tex.App.—El Paso 1996, no writ). The end result of the strict compliance standard is an increased opportunity for a party to receive a trial on the merits. *Id.*

The party requesting service should carry a heavy burden before its opponent loses the right to be heard on the merits of the lawsuit. It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished.

*Primate Const., Inc.*, 884 S.W.2d at 153. This responsibility extends to assuring that service is properly reflected in the record. *Id.* The Rules of Civil Procedure allow for liberal amendment of the return of service to show the true facts of service. *Id.* If the facts recited in the return are incorrect and do not show proper service, the one requesting service must amend the return prior to judgment. *Id.*

Because the record affirmatively shows a lack of strict compliance with the Rules of Civil Procedure, we sustain Laidlaw's first point. *Wilson*, 800 S.W.2d at 836; *Uvalde Country Club*, 690 S.W.2d at 885; *McKanna*, 388 S.W.2d at 929; *Armstrong*, 768 S.W.2d at 884. Our disposition of Laidlaw's first point renders it unnecessary to discuss its second and third points. We reverse the default judgment and remand this cause for further proceedings.