COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-257-CV
 
AMERICAN EXPRESS                                                                        
APPELLANT
EQUIPMENT FINANCE
V.
A.J. MORRIS, M.D.                                                                            
APPELLEE
------------
FROM THE 352
ND DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
American Express Business Finance
Corporation ("Amex"), also known as American Express Equipment Finance
("Amex-Equipment") appeals a default judgment in favor of A. J.
Morris, M.D. ("Morris"). Amex contends that error exists on the face
of the record showing that the rules governing service of process were not
strictly followed. We reverse and remand.
Morris, a physician, entered into several
agreements to lease medical equipment for use in his practice. These leases were
with Amex-Equipment. Morris allegedly became unhappy with the lease terms when
he was unable to obtain new financing for additional equipment. As a result of
the lease dispute, Morris filed this suit against Amex-Equipment and alleged
that Amex-Equipment was also known as Amex.
Morris directed the citation to
"American Express Equipment Finance b/s CT Corporation System, 818 West
Seventh Street, Los Angeles, CA 90017." Below the section entitled
"Officer's Return" on the citation is a preprinted form for a public
notary to execute upon completion of the citation if so required. This section
of the citation was not completed.
Amex argues that Morris failed to strictly
comply with the requirements of proper service under Texas Rules of Civil
Procedure 108 and that error exists on the face of the record. Specifically,
Amex argues that the return of service does not bear the officer's sworn
signature.(2) Therefore, Amex argues, the return
does not strictly comply with the rules for service of process.
The record must show that the rules
governing issuance, service, and return of process were strictly complied with
for a default judgment to withstand direct attack.(3)
There are no presumptions in favor of valid issuance, service, and return of
citation in the face of an attack on a default judgment.(4)
If these rules are not followed, then the attempted service of process is
invalid.(5)
The face of the record shows that Morris
attempted to serve Amex-Equipment by mailing the citation to CT Corporation
System in Los Angeles, California. According to rule 108, when citation is
attempted on a nonresident defendant, the return of service "shall be . . .
sworn to by the party making such service."(6)
Because Morris was attempting to serve a nonresident defendant, the return of
service should have been verified,(7) but it was
not. The preprinted form for verification located at the bottom of the citation
was left blank even though the form itself states that the return of service
"[m]ust be verified if served outside the State of Texas[.]" We hold
that Morris did not strictly comply with rule 108, and the record contains error
on its face. We sustain Amex's fifth issue. Because we sustain the fifth issue,
we do not reach the remaining issues.(8)
Because Morris failed to strictly comply
with rule 108, the service of process is invalid, and the trial court improperly
granted the default judgment. The trial court's judgment is reversed, and the
cause is remanded to the trial court for further proceedings.
 
                                                                       
LEE ANN DAUPHINOT
                                                                       
JUSTICE
 
PANEL A: DAY, DAUPHINOT, and HOLMAN, JJ.
DELIVERED: May 1, 2003

1. See Tex. R. App. P. 47.4.
2. Tex. R. Civ. P. 108.
3. Primate Constr., Inc. v. Silver, 884 S.W.2d
151, 152 (Tex. 1994).
4. Uvalde Country Club v. Martin Linen Supply Co.,
690 S.W.2d 884, 885 (Tex. 1985).
5. Wilson v. Dunn, 800 S.W.2d 833, 836-37 (Tex.
1990); Laidlaw Waste Sys., Inc. v. Wallace, 944 S.W.2d 72, 74 (Tex.
App.--Waco 1997, writ denied).
6. Tex. R. Civ. P. 108.
7. See id.
8. See Tex. R. App. P. 47.1.