American Express Equipment Finance

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-257-CV

AMERICAN EXPRESS APPELLANT

EQUIPMENT FINANCE

V.

A.J. MORRIS, M.D. APPELLEE

------------

FROM THE 352
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

American Express Business Finance Corporation (“Amex”), also known as American Express Equipment Finance (“Amex-Equipment”) appeals a default judgment in favor of A. J. Morris, M.D. (“Morris”).  Amex contends that error exists on the face of the record showing that the rules governing service of process were not strictly followed.  We reverse and remand.

Morris, a physician, entered into several agreements to lease medical equipment for use in his practice.  These leases were with Amex-Equipment.  Morris allegedly became unhappy with the lease terms when he was unable to obtain new financing for additional equipment.  As a result of the lease dispute, Morris filed this suit against Amex-Equipment and alleged that Amex-Equipment was also known as Amex.

Morris directed the citation to “American Express Equipment Finance b/s CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.”  Below the section entitled “Officer’s Return” on the citation is a preprinted form for a public notary to execute upon completion of the citation if so required.  This section of the citation was not completed. 

Amex argues that Morris failed to strictly comply with the requirements of proper service under Texas Rules of Civil Procedure 108 and that error exists on the face of the record.  Specifically, Amex argues that the return of service does not bear the officer’s sworn signature.
(footnote: 2)  Therefore, Amex argues, the return does not strictly comply with the rules for service of process.

The record must show that the rules governing issuance, service, and return of process were strictly complied with for a default judgment to withstand direct attack.
(footnote: 3)  There are no presumptions in favor of valid issuance, service, and return of citation in the face of an attack on a default judgment.
(footnote: 4)  If these rules are not followed, then the attempted service of process is invalid.
(footnote: 5)
 The face of the record shows that Morris attempted to serve Amex-Equipment by mailing the citation to CT Corporation System in Los Angeles, California.  According to rule 108, when citation is attempted on a nonresident defendant, the return of service “shall be . . . sworn to by the party making such service.”
(footnote: 6)  Because Morris was attempting to serve a nonresident defendant, the return of service should have been verified,
(footnote: 7) but it was not.  The preprinted form for verification located at the bottom of the citation was left blank even though the form itself states that the return of service “[m]ust be verified if served outside the State of Texas[.]”  We hold that Morris did not strictly comply with rule 108, and the record contains error on its face.  We sustain Amex’s fifth issue.  Because we sustain the fifth issue, we do not reach the remaining issues.
(footnote: 8) 

Because Morris failed to strictly comply with rule 108, the service of process is invalid, and the trial court improperly granted the default judgment.  The trial court’s judgment is reversed, and the cause is remanded to the trial court for further proceedings.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: DAY, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  May 1, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Tex. R. Civ. P. 
108.

3:
Primate Constr., Inc. v. Silver
, 884 S.W.2d 151, 152 (Tex. 1994).

4:
Uvalde Country Club v. Martin Linen Supply Co.
, 690 S.W.2d 884, 885 (Tex. 1985).

5:
Wilson v. Dunn
, 800 S.W.2d 833, 836-37 (Tex. 1990); 
Laidlaw Waste Sys., Inc. v. Wallace
, 944 S.W.2d 72, 74 (Tex. App.—Waco 1997, writ denied).

6:
Tex. R. Civ. P. 
108.

7:
See id
.

8:
See
 
Tex. R. App. P.
 47.1.