COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-427-CV

 

 

CHASE MANHATTAN MORTGAGE                                         APPELLANT

CORPORATION

 

                                                   V.

 

JENNIFER WINDSOR                                                               APPELLEE

 

                                              ------------

 

          FROM COUNTY
COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This is a restricted appeal by Appellant Chase
Manhattan Mortgage Company from the trial court=s
interlocutory default judgment in favor of Appellee Jennifer Windsor.  Windsor sued Chase Home Finance LLC,
successor by merger to Chase Manhattan Mortgage Corporation, and Cenlar Capital
Corporation seeking damages for allegedly reporting incorrect credit information
about Windsor.  The trial court signed an
interlocutory default judgment and a corrected judgment in favor of Windsor and
later severed Windsor=s cause of action against Chase,
thereby making the default judgment against Chase final.    In its first issue in this restricted appeal,
Chase complains that the record fails to affirmatively show strict compliance
with the rules for service of citation. 
Specifically, Chase contends that the return of service was not completed
or signed by the person executing service and that the return receipt on file
does not include the signature of the addressee.  Windsor did not file a brief in this appeal.

The rule is firmly established in this state that
even when service is by certified mail, return receipt requested, the officer=s return
at the bottom of the citation must be filled out and completed; a postal return
receipt card alone will not support a default judgment.  See Tex.
R. Civ. P. 106, 107; see also, e.g., Laidlaw Waste Sys., Inc.
v. Wallace, 944 S.W.2d 72, 74 (Tex. App.CWaco
1997, writ denied); Retail Techs., Inc. v. Palm City T.V., Inc., 791
S.W.2d 345, 347 (Tex. App.CCorpus
Christi 1990, no writ); Metcalf v. Taylor, 708 S.W.2d 57, 59 (Tex. App.CFort
Worth 1986, no writ). 








Here, the county clerk of Denton County issued
citation directed to Chase, with CT Corporation System listed as Chase=s agent
for service, authorizing service by certified mail, return receipt
requested.  But the return of service
form attached to the citation is not filled out or signed; it is totally
blank.  The return of service form
states, ACame on
to hand the ___ day of ______, 2005, and executed by mailing to the defendant
certified mail with restricted delivery, return receipt requested ___________.@  Likewise, the lines for the signature of the
person accepting service, the date of service, and the certification of the
person completing the return of service form are blank.  Because the record shows on its face that no
officer or authorized person executed the return of citation form, service was
fatally defective.  See Retail Techs.,
Inc., 791 S.W.2d at 347; Metcalf, 708 S.W.2d at 59.  Therefore, we sustain Chase=s first
issue,[2]
reverse the trial court=s judgment, and remand the cause
to the trial court for a new trial.

PER
CURIAM

 

PANEL F:    WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED: May 4, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Because we hold that service was fatally defective
based on the return of citation, we need not address Chase=s
contention that service was defective based on the absence of the addressee=s
signature on the return receipt. 
Additionally, having sustained Chase=s first issue, we need not address its second issue
that there is no competent evidence of the causal nexus between Chase=s
conduct and the damages claimed by Windsor. See Tex. R. App. P. 47.1.