Chase Manhattan Mortgage Co. v. Jennifer Windsor

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-427-CV

CHASE MANHATTAN MORTGAGE APPELLANT

CORPORATION

V.

JENNIFER WINDSOR APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a restricted appeal by Appellant Chase Manhattan Mortgage Company from the trial court’s interlocutory default judgment in favor of Appellee Jennifer Windsor.  Windsor sued Chase Home Finance LLC, successor by merger to Chase Manhattan Mortgage Corporation, and Cenlar Capital Corporation seeking damages for allegedly reporting incorrect credit information about Windsor.  The trial court signed an interlocutory default judgment and a corrected judgment in favor of Windsor and later severed Windsor’s cause of action against Chase, thereby making the default judgment against Chase final. In its first issue in this restricted appeal, Chase complains that the record fails to affirmatively show strict compliance with the rules for service of citation.  Specifically, Chase contends that the return of service was not completed or signed by the person executing service and that the return receipt on file does not include the signature of the addressee.  Windsor did not file a brief in this appeal.

The rule is firmly established in this state that even when service is by certified mail, return receipt requested, the officer’s return at the bottom of the citation must be filled out and completed; a postal return receipt card alone will not support a default judgment.  
See 
Tex. R. Civ. P. 
106, 107; 
see also, e.g.
, 
Laidlaw Waste Sys., Inc. v. Wallace, 
944 S.W.2d 72, 74 (Tex. App.—Waco 1997, writ denied); 
Retail Techs., Inc. v. Palm City T.V., Inc.
, 791 S.W.2d 345, 347 (Tex. App.—Corpus Christi 1990, no writ);
 
Metcalf v. Taylor
, 708 S.W.2d 57, 59 (Tex. App.—Fort Worth 1986, no writ). 

Here, the county clerk of Denton County issued citation directed to Chase, with CT Corporation System listed as Chase’s agent for service, authorizing service by certified mail, return receipt requested.  But the return of service form attached to the citation is not filled out or signed; it is totally blank.  The return of service form states, “Came on to hand the ___ day of ______, 2005, and executed by mailing to the defendant certified mail with restricted delivery, return receipt requested ___________.”  Likewise, the lines for the signature of the person accepting service, the date of service, and the certification of the person completing the return of service form are blank.  Because the record shows on its face that no officer or authorized person executed the return of citation form, service was fatally defective.  
See Retail Techs., Inc.
, 791 S.W.2d at 347;
 
Metcalf
, 708 S.W.2d at 59
.  Therefore, we sustain Chase’s first issue,
(footnote: 2) reverse the trial court’s judgment, and remand the cause to the trial court for a new trial.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: May 4, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Because we hold that service was fatally defective based on the return of citation, we need not address Chase’s contention that service was defective based on the absence of the addressee’s signature on the return receipt.  Additionally, having sustained Chase’s first issue, we need not address its second issue that there is no competent evidence of the causal nexus between Chase’s conduct and the damages claimed by Windsor.
 See 
Tex. R. App. P.
 47.1.