

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00053-CV

_____

BANK OF AMERICA, NATIONAL ASSOCIATION, Appellant

V.

THE ESTATE OF CHARLES RAY HILL,
DEANA MURPHY, GERALD VAUGHN,
AND KENNETH FENDER, Appellees

On Appeal from the 173rd Judicial District Court
Henderson County, Texas
Trial Court No. 2009A-603

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

By restricted appeal,[1] Bank of America, National Association (Bank of America) challenges a default judgment against it. Bank of America asserts on appeal that the trial court erred in entering the default judgment because the record does not show strict compliance with the rules regarding the return of service and because the judgment grants relief to an estate, rather than to a representative of the estate. Because the record fails to show strict compliance with the rules regarding the return of service, we reverse the default judgment and remand this matter to the trial court for further proceedings.

## I.   BACKGROUND

On her death in 2005, Bobbie Hill left a husband (Charles Ray Hill) and three children born to her before her last marriage (Deana Murphy, Gerald Vaughn, and Kenneth Fender) surviving her. Real estate in Henderson County was acquired by Bobbie Hill and Charles Ray Hill as their community property and estate; at her demise, her interest in this property passed by intestacy pursuant to the laws of descent and distribution.

About three years after the death of his wife, Charles Ray Hill (individually and without the joinder of Bobbie Hill's surviving children) simultaneously executed two home equity "reverse mortgage" deeds of trust secured by the real estate mentioned above. The first of these deeds of

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

trust was given to secure Bank of America in a maximum loan amount of up to $223,500.00 and purported to be a first lien. The second of the deeds of trust was stated to be second and inferior to the first. This second deed of trust was of a like kind and amount, but given to secure the Secretary of Housing and Urban Development and was inferior and subordinate to the first. After the execution of these deeds of trust, Charles Ray Hill died.

An action for declaratory judgment action was instituted by "The Estate of Charles Ray Hill, Deana Murphy, Gerald Vaughn and Kenneth Fender" as plaintiffs against Bank of America, seeking a declaration that the two deeds of trust constituted no lien against the real property described within them. Upon the filing of an amended petition in October 2009, the district clerk issued a citation. This citation was served on CT Corporation, agent for service of process for Bank of America, by certified mail, return receipt requested, October 8, 2009. There is no record that Bank of America filed an answer or otherwise made an appearance.

A final default judgment was entered against Bank of America on December 30, 2009, which declared the first-mentioned deed of trust invalid as a lien upon the real estate and awarded attorney's fees and costs to the plaintiffs. No mention of the second-lien deed of trust was made in the judgment. Bank of America filed its notice of restricted appeal on June 7, 2010, within six months of the date of the judgment.

II.   ANALYSIS

To prevail on a direct attack on a judgment by a restricted appeal, an appellant

must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30; *Quaestor Inv., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999)). Here, only requirement (4) is arguable (i.e., whether error exists on the face of the record). Bank of America claims such error exists based on the return of service of process.[2]

Our review in this restricted appeal is limited to error that appears on the face of the record. *See Fid. & Guar. Ins. Co. v. Drewery Constr. Co*., 186 S.W.3d 571, 573 (Tex. 2006). In order for a reviewing court to uphold a default judgment, strict compliance with the rules of service must be evident from the face of the record. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Further, when a default judgment is challenged, "[t]here are no presumptions in favor of valid issuance, service, and return of citation. . . ." *Id.* at 152. It is the responsibility of the party who obtains the default judgment to see that service of process is properly accomplished. *See* TEX. R. CIV. P. 99(a). This responsibility "extends to seeing that service is properly reflected in the record." *Primate Constr*., 884 S.W.2d at 153. Moreover, "strict compliance with the rules for service of citation [must] affirmatively appear on the record in order for a default judgment to withstand direct attack." *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam). Any deviation from the rules regarding proper service of process will result in the

_____

[2]Appellees, the Estate of Charles Ray Hill, et al., filed no brief with this Court.

setting aside of a default judgment. *Mansell v. Ins. Co. of the W.*, 203 S.W.3d 499, 501 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Bank of America initially alleges noncompliance with Rules 16 and 105 of the Texas Rules of Civil Procedure. Rule 16, which governs service of process in general, provides that "[e]very officer or authorized person shall endorse on all process and precepts coming to his hand the day and hour on which he received them . . . ." TEX. R. CIV. P. 16. Rule 105, which governs service of citation, requires that "[t]he officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay." TEX. R. CIV. P. 105.

In this case, the officer's return by mailing states neither the day nor the hour which it was received. The blank spaces provided for this information in the form were not filled in. In overturning a default judgment because the clerk's endorsement of the return of citation lacked the required notation showing the time of receipt of citation, as required by Rules 16 and 105 of the Texas Rules of Civil Procedure, the Texas Supreme Court held that the "[f]ailure to comply with these rules constitutes error on the face of the record." *Ins. Co. of State of Pa.*, 297 S.W.3d at 256. Accordingly, the default judgment could not stand. *Id.* The return of citation here suffers from the same defect; error is apparent on the face of the record.

Bank of America additionally complains of noncompliance with Rule 107 of the Texas Rules of Civil Procedure, governing the return of service. Rule 107 provides, in relevant part:

5

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified.

TEX. R. CIV. P. 107. In this case, the district clerk employed the attachment of a postal return receipt in lieu of completing the return. What appears to be a copy of the returned "green card" bears the stamp of the district clerk which includes a date and time. We do not interpret this "filed for record" stamp as an endorsement; such is a usual, administrative function of the clerk. In *Laidlaw Waste Systems, Inc. v. Wallace*, 944 S.W.2d 72 (Tex. App.—Waco 1997, writ denied), the court addressed the issue of whether a postal return receipt can be substituted for a completed officer's return. In concluding that such substitution was improper, the Waco court stated:

> The officer's failure to complete and sign the return is fatal, even when a postal receipt is included in the record. By using the postal return receipt in lieu of completing the return, the District Clerk's service of citation on Laidlaw failed to strictly comply with the Rules of Civil Procedure and will not support the default judgment.

*Id.* at 74 (citations omitted). In this case, the district clerk likewise used a postal return receipt in lieu of completing the officer's return section. Because the record affirmatively shows error apparent on the face of the record based on noncompliance with Rules 16, 105, and 107 of the Texas Rules of Civil Procedure, and such a ruling is dispositive of this appeal, we do not address Bank of America's second issue.

6

We reverse the default judgment and remand this cause to the trial court for further proceedings.

Bailey C. Moseley
Justice

Date Submitted: October 20, 2010
Date Decided: November 3, 2010

7