Opinion issued December 29, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01113-CV

———————————

Dov Avni
Kaminetzky, a/k/a Dov K. Avni, individually and as Assignee of Two Corporate
Co-Defendants, Appellant

V.

David A. Newman, Appellee



 



 

On
Appeal from the 333rd District Court

Harris
County, Texas



Trial Court Case No. 2010-22875

 



 

MEMORANDUM OPINION

Appellant, Dov Avni Kaminetzky, a/k/a
Dov K. Avni, appeals the rendition of a default judgment obtained against him
and two corporate entitities by appellee, David A. Newman.  In five issues, Kaminetzky argues (1) the
trial court lacked personal jurisdiction over the six defendants; (2) the trial
court lacked subject-matter jurisdiction over the claims; (3) the judgment was
erroneously granted “after mandate was issued [in a prior appeal], affirming
[the trial court’s] prior erroneous judgments . . . without bill of
review”; (4) Newman’s motion for summary judgment lacked essential evidentiary
elements; and (5) Newman’s motion for summary judgment contained conflicting
evidence on material fact issues.

We affirm in part and reverse and remand in part.

                                                                                                                                                                
Background

Back in the late 1980s, Newman had managed a number of Kaminetzky’s
Texas properties.  This relationship
eventually turned sour, however, and litigation ensued.  In 2000, Kaminetzky sued Newman about
ownership of certain property, and Newman countersued.  On March 10, 2005, a judgment was rendered
against Kaminetzky and in favor of Newman, determining that Newman held title
in the property.

While that suit was pending, Kaminetzky brought another
suit against Newman about the property, and Newman again countersued.  On October 17, 2006, Newman again prevailed,
obtaining an anti-injunction suit against Kaminetzky.

In February 2010, Newman attempted to sell one of the
properties that was the subject of the earlier suits.  Newman then discovered that there were two
clouds on his title for the property, which prevented the sale.  Newman brought suit against Kaminetzky and
five other defendants on April 12, 2010 seeking to remove the cloud on his
title and to obtain a permanent injunction against Kaminetzky prohibiting him
from filing any further encumbrances on Newman’s properties.

Newman directed the Harris County District Clerk’s Office
to serve Kaminetzky with citation by certified mail.  The record contains a copy of the
citation.  The return is on the same page
as the citation.  It does not state when
the citation was served.  It is not
signed by an officer of the district clerk’s office.  Finally, the return is not notarized.

Newman filed a motion for summary judgment on July 9,
2010.  A hearing was set on September 3,
2010.

On September 9, 2010 Kaminetzky filed a special
appearance.  On September 10, he filed a
supplement to his special appearance. 
Also on September 10, the trial court rendered judgment in favor of
Newman and against all six defendants.

On October 8, 2010, Kaminetzky filed a motion to vacate
and for new trial.  Kaminetzky set a
hearing on this motion for November 12, 2010, but passed on the hearing the day
before.  The motion was ultimately
overruled by operation of law.  

On November 12, 2010, Kaminetzky filed a motion to
disqualify or recuse the trial court judge. 
The trial court judge denied the motion and referred it to the Presiding
Judge of the Second Judicial Administrative Region, who denied it as well. 

                                                                                                                                             
Appellate Jurisdiction

As an initial matter, Newman argues that we lack
jurisdiction over this appeal because Kaminetzky did not timely file a notice
of appeal.

The trial court rendered the final judgment on September
10, 2010.  On October 8, 2010, Kaminetzky
filed a document entitled “Pro-Se Defendant Dov K. Avni a/k/a Dov Avni
Kaminetzky’s original sworn motion to vacate the erroneously rendered order . . .
on 9/10/2010 . . . .” 
Kaminetzky argued in this motion that he was not served with process for
the suit.  In the prayer for the motion, Kaminetzky
asked the court to vacate the September 10 order and grant a new trial.  Kaminetzky filed his notice of appeal on
December 9, 2010.

Typically, a notice of appeal must be filed within 30 days
after the judgment is signed.  Tex. R. App. P. 26.1.  If any party files a timely motion for new
trial or motion to modify the judgment, the deadline to file a notice of appeal
is extended to within 90 days after the judgment is signed.  Tex.
R. App. P. 26.1(a)(1), (2). Any “timely filed postjudgment motion that
seeks a substantive change in an existing judgment qualifies as a motion to
modify under Rule 329b(g) [of the Texas Rules of Civil Procedure], thus
extending the trial court’s plenary jurisdiction and the appellate timetable.”  Lane
Bank Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 314 (Tex. 2000).  Failure to timely file a notice of appeal
deprives an appellate court of jurisdiction. 
See Tex. R. App. P. 25.1(b) (providing filing notice of appeal by
any party invokes jurisdiction of appellate court).

The title of Kaminetzky’s October 8 motion indicates it is
a motion to vacate the September 10 judgment. 
The body of the motion argues that he was never served with
process.  The prayer asks for the
judgment to be vacated and a new trial granted. 
We hold that this qualifies as a motion for new trial or motion to
modify the judgment.  Accordingly,
Kaminetzky’s deadline to file his notice of appeal was extended to December 9,
2010, the date that Kaminetzky filed his notice of appeal.  It follows, then, that we have jurisdiction
over this appeal.

                                                                                                                       
Preservation of Issues on Appeal

Next, we must consider what issues have been preserved for
appeal and by which parties.

In the style of this appeal, Kaminetzky identifies himself
as the appellant “individually and as assignee of two corporate
co-defendants.”  There is no evidence in
the record establishing that the assignment exists, the extent of the
assignment, or the legal authority for the assignment.

“Generally, a corporation may be represented only by a
licensed attorney.”  Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA, 937 S.W.2d
455, 456 (Tex. 1996).  A notice of appeal
filed by a corporate representative that is not a licensed attorney has no effect.  Globe
Leasing, Inc. v. Engine Supply & Mach. Serv., 437 S.W.2d 43, 45 (Tex.
Civ. App.—Houston [1st Dist.] 1969, no writ).

Rule 7 of the Texas Rules of Civil Procedure allows a
person to represent himself pro se.  Tex. R. Civ. P. 7.  This only applies, however, when the person
is litigating his rights on his own behalf, instead of litigating certain rights
in a representative capacity.  See Steele v. McDonald, 202 S.W.3d 926,
928 (Tex. App.—Waco 2006, no pet.).  

We hold that Kaminetzky has failed to establish that these
rules do not apply to him in whatever capacity he brings the appeal on behalf
of the two corporations.  Accordingly,
the notice of appeal filed by Kamintezky was not effective to file a notice of
appeal for the two corporations.  See Globe Leasing, 437 S.W.2d at
45.  

The filing of a notice of appeal by any party invokes the
appellate court’s jurisdiction over all parties to the trial court’s
judgment.  Tex. R. App. P. 25.1(b). 
When an additional party fails to file a timely notice of appeal,
however, nothing is preserved for appellate review.  Tex.
R. Civ. P. 25.1(c); Brooks v.
Northglen Ass’n, 141 S.W.3d 158, 171 (Tex. 2004).  Accordingly, we hold that whether there was
any error in the judgment as it applies to the two corporations has not been
preserved for appeal.  We overrule all
issues as they apply to the two corporations.

Kaminetzky filed his brief on the merits along with a
motion seeking time to file a supplement to the brief.  This Court granted the motion, and he later
filed his supplemental brief.  

In his brief on the merits, Kaminetzky identifies five
issues for this appeal: (1) the trial court lacked personal jurisdiction over
the six defendants; (2) the trial court lacked subject-matter jurisdiction over
the claims; (3) the judgment was erroneously granted “after mandate was issued
[in a prior appeal], affirming [the trial court’s] prior erroneous judgments . . .
without bill of review”; (4) Newman’s motion for summary judgment lacked
essential evidentiary elements; and (5) Newman’s motion for summary judgment
contained conflicting evidence on material fact issues.  His brief on the merits, however, does not
address the fourth or fifth issues.  Nor
are they addressed in his supplemental brief.

A brief on the merits “must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.”  Tex. R. App. P. 38.1(i).  If an issue on appeal lacks legal authority
and citations to the record, it is inadequately briefed and, as a result,
waives any error.  Esse v. Empire Energy III, Ltd., 333 S.W.3d 166, 180 (Tex.
App.—Houston [1st Dist.] 2010, pet. denied). 
“[L]itigants choosing to appear pro se must comply with the
applicable procedural rules and are held to the same standards that apply to
licensed attorneys.”  Sedillo v. Campbell, 5 S.W.3d 824, 829
(Tex. App.—Houston [14th Dist.] 1999, no pet.). 
Accordingly, we hold that Kaminetzky has waived any error relating to
his fourth and fifth issues.  We overrule
those issues.

The issues remaining for our consideration are the first
three issues as they apply to Kaminetzky in his individual capacity.

                                                                                                                                               
Personal Jurisdiction

In his first issue, Kaminetzky argues the trial court
lacked personal jurisdiction over him because he was never served.

A.              
Applicable Law

In Craddock, the
Texas Supreme Court set forth three requirements that a defendant must satisfy
to set aside a default judgment and obtain a new trial: (1) the failure to file
an answer or appear at a hearing was not intentional or the result of conscious
indifference, but was a mistake or accident; (2) a meritorious defense; and (3)
a new trial will not result in delay or prejudice to the plaintiff.  Craddock
v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939).  If the record does not establish that a
defaulting defendant was properly served with process, the defendant does not
need to meet all the Craddock
requirements.  See Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86–87, 108 S.
Ct. 896, 900 (1988) (holding defendant who was not properly served was not
required to establish a meritorious defense). 
Instead, lack of proof of proper service is enough to obtain a new
trial.  See Primate Const., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994)
(holding record must affirmatively show strict compliance with rules of
citation to withstand default judgment on direct appeal).

Texas procedural law and constitutional due process
require that a defendant be served, waive service, or voluntarily appear before
judgment may be rendered. See Tex. R. Civ. P. 124; Peralta, 485 U.S. at 84–87, 108 S. Ct. at
898–900; Kao Holdings, L.P. v. Young,
261 S.W.3d 60, 61–62 (Tex. 2008).  “A
trial court has ‘no more solemn judicial obligation than that of seeing that no
litigant is unjustly saddled with a judgment in the absence of notice and a
hearing.’”  Marrot Commc’ns, Inc. v. Town & Country P’ship, 227 S.W.3d 372,
376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (quoting Finlay v. Jones, 435 S.W.2d 136, 138–39
(Tex. 1968)).  

“[I]n order for a default judgment to be properly
rendered, the record must affirmatively show, at the time the default judgment is entered, either an appearance
by the defendant, proper service of citation on the defendant, or a written
memorandum of waiver.”  Id. at 378 (emphasis in original); see also Mapco, Inc. v. Carter, 817
S.W.2d 686, 687 (Tex. 1991).  “Actual
notice to a defendant, without proper service, is not sufficient to convey upon
the court jurisdiction to render default judgment against him.”  Wilson
v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990).

There are no presumptions in favor of valid issuance,
service, and return of citation in an attack on a default judgment on direct
appeal.  See Uvalde Country Club v. Martin Linen Supply Co., Inc., 690
S.W.2d 884, 885 (Tex. 1985).  “Strict
compliance with the Rules of Civil Procedure relating to the issuance of citation,
the manner and mode of service, and the return of process is necessary to
sustain a default judgment.”  Laidlaw Waste Sys., Inc. v. Wallace, 944
S.W.2d 72, 73–74 (Tex. App.—Waco 1997, writ denied) (citing Primate Const., 884 S.W.2d at 152; Wilson, 800 S.W.2d at 836).

One of the requirements to establish service on a
defendant is the officer’s or authorized person’s return.  Tex.
R. Civ. P. 107.  Rule 107
provides, in pertinent part, “The return of the officer or authorized person
executing the citation shall be endorsed on or attached to the same; it shall
state when the citation was served and the manner of service and be signed by
the officer officially or by the authorized person.”  Id.  Additionally, for nonresidents of the State,
Rule 108 requires that the return “be signed and sworn to by the party making
such service before some officer authorized by the laws of this State to take
affidavits, under the hand and official seal of such officer.”  Tex.
R. Civ. P. 108.

“The return of service is not a trivial, formulaic
document.  It has long been considered
prima facie evidence of the facts recited therein.”  Primate
Const., 884 S.W.2d at 152.  “The
officer’s return is historically afforded this special status because the
officer may forfeit his official bond and be punished for failing to return a
process or making a false return.”  Hot Shot Messenger Serv., Inc. v. State,
818 S.W.2d 905, 908 (Tex. App.—Austin 1991, no writ).

It is the responsibility of the one requesting service,
not the process server, to see that service is properly accomplished.  This responsibility extends to seeing that
service is properly reflected in the record. 
The Rules of Civil Procedure allow for liberal amendment of the return
of service to show the true facts of service. 
If the facts as recited in the . . . return, pre-printed or
otherwise, are incorrect and do not show proper service, the one requesting
service must amend the return prior to judgment.

Primate Const.,
884 S.W.2d at 153.

Failure of the officer to sign the return is fatal and
will defeat a default judgment.  Laidlaw Waste Sys., 944 S.W.2d at 74; Hot Shot Messenger, 818 S.W.2d at 908.  This is true even when a postal return
receipt is included in the record.  Laidlaw Waste Sys., 944 S.W.2d at 74; see also Tex. R. Civ. P. 107 (requiring completed return of officer and, when citation was served by
certified mail, inclusion of postal return receipt with addressee’s signature).  Additionally, failure to include the time of
service will defeat the rendition of a default judgment.  Ins.
Co. of State of Pa. v. Lejeune, 297 S.W.3d 254, 256 (Tex. 2009).

B.              
Analysis

Kaminetzky asserts in his brief that the citation in the
record purporting to establish that he was served lacks a complete return.  The citation and original petition were sent
by certified mail to Kaminetzky by the Harris County District Clerk’s
Office.  The record contains a copy of
the citation.  The return is on the same
page as the citation.  It is not,
however, completed.  It does not state
when the citation was served.  See Tex.
R. Civ. P. 107.  It is not signed
by an officer of the district clerk’s office. 
See id.  Additionally, because Kamintezky is not a
resident of Texas and was not served within the state, the return was required
to be notarized.  See Tex. R. Civ. P.
108.  The return is not notarized.

These deficiencies render the return ineffective.  See Laidlaw
Waste Sys., 944 S.W.2d at 74;  Lejeune, 297 S.W.3d at 255.  The record does not show that Newman made any
attempts to cure these deficiencies.  See Primate Const., 884 S.W.2d at 153
(allowing party seeking service to cure defective returns up until time of
judgment).  Because the deficiencies in
the return were not cured, the default judgment against Kaminetzky cannot
stand.  Laidlaw Waste Sys., 944 S.W.2d at 74;  Lejeune,
297 S.W.3d at 255.

Newman argues in his brief that the judgment was not in
fact a default judgment.  Newman argues,
instead, that Kaminetzky made a general appearance.  He relies on the following events to
establish Kaminetzky’s general appearance: (1) the day before the judgment was
rendered, Kaminetzky filed a special appearance; (2) after the judgment was
rendered, Kamnietzky set a hearing on his special appearance and then passed on
it;[1]
(3) Kaminetzky then filed a motion to disqualify or recuse the trial court
judge; and (4) Kaminetzky obtained a ruling on the motion from both the trial
court judge and the Presiding Judge of the Second Judicial Administrative
Region.

A party that objects to the trial court’s jurisdiction
over it may file a special appearance.  Tex. R. Civ. P. 120a.  “Every appearance, prior to judgment, not in
compliance with this rule is a general appearance.”  Id.  A party enters a general appearance when it
invokes the judgment of the court on any question other than the court’s
jurisdiction.  Dawson-Austin v. Austin, 968 S.W.2d 319, 322 (Tex. 1998).  A general appearance subjects a party to the
jurisdiction of the court.  Tex. R. Civ. P. 120; Kawasaki Steel Corp. v. Middleton, 699
S.W.2d 199, 201 (Tex. 1985).

Although Rule 120a asserts that actions taken prior to
judgment can constitute a general appearance, this does not foreclose the
possibility that a general appearance can be made after judgment is
entered.  See Tex. R. Civ. P.
120a.  In fact, actions such as seeking a
motion for new trial, when not made subject to a special appearance, have been
held to constitute a general appearance. 
See, e.g., Liberty Enters., Inc. v. Moore Transp. Co.,
Inc., 690 S.W.2d 570, 571–72 (Tex. 1985); Steve Tyrell Prods., Inc. v. Ray, 674 S.W.2d 430, 436–37 (Tex.
App.—Austin 1984, no writ).  In each of
these cases, however, the general appearance has the effect of being a general
appearance for all matters from that point on—that is, after a motion for new
trial has been ordered.  See Liberty Enters., Inc., 690 S.W.2d at
571–72; Steve Tyrell Prods., 674
S.W.2d at 437.  None of these cases stand
for the proposition that a general appearance can be retroactive to validate a
judgment.

Instead, Rule 124 of the Texas Rules of Civil Procedure
requires, “In no case shall judgment be rendered against any defendant unless
upon service, or acceptance or waiver of process, or upon an appearance by the
defendant . . . .”  Tex. R. Civ. P. 124.  As this Court has emphasized, “[I]n order for
a default judgment to be properly rendered, the record must affirmatively show,
at the time the default judgment is
entered, either an appearance by the defendant, proper service of citation
on the defendant, or a written memorandum of waiver.”  Marrot
Commc’ns, 227 S.W.3d at 378 (emphasis in original).  If the record does not show at the time the default judgment is entered
that rendition was appropriate, subsequent acts will have no bearing on the
appropriateness of the rendition of judgment. 
Id.  

The day before the judgment was rendered, Kaminetzky filed
a special appearance.  The day the
judgment was rendered, he filed a supplement to his special appearance,
including certain documents he deemed relevant.   No other action was taken by Kaminetzky before
the judgment was entered against him.

We hold that the return on Kaminetzky’s citation was
defective and, at the time judgment was entered, Kaminetzky had not taken any
other action constituting a general appearance. 
Accordingly, the default judgment cannot stand against him.  We sustain Kaminetzky’s first issue.[2]

                                                                                                                                                                   
Conclusion

When a judgment is reversed on appeal because of a defect
of service of process, “the defendant shall be presumed to have entered his
appearance to the term of the court at which the mandate shall be filed.”  Tex.
R. Civ. P. 123.  Accordingly, we
reverse the judgment as it applies to Kaminetzky in his individual capacity and
remand for a new trial.

Any outstanding motions are denied.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.











[1]           This is not apparent from the record.  The hearing set and passed by Kaminetzky was
on his motion to vacate the judgment and for new trial.  Our review of the record does not show that
Kaminetzky set a hearing for the special appearance.





[2]           Because they cannot provide any greater relief than that
obtained in his first issue, we do not need to address Kaminetzky’s remaining
issues.  Tex. R. App. P. 47.1.